**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 1:26-cv-03919-RMR

LIDYA FITSUM DESALEGN,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of Denver Contract Detention Facility Aurora;
TODD BLANCHE, in his official capacity as Acting Attorney General, U.S. Department of Justice;
TODD LYONS,[1] in his official capacity as Senior Official Performing the Duties of the Director of United States Immigration and Customs Enforcement;
MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; and
GEORGE VALDEZ, in his official capacity as Director, El Paso Field Office, U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security,

Respondents.

---

**ORDER**

---

Petitioner Lidya Fitsum Desalegn ("Petitioner") is a twenty-three-year-old citizen of Ethiopia. ECF No. 1 ¶ 2. She entered the United States in January of 2025 on a student visa. *Id.* ¶ 3. She later applied for asylum, and her asylum application remains pending. *Id.* ¶¶ 5-6. Despite her pending application, Petitioner was detained by Immigration and

[1] David J. Venturella is automatically substituted for Todd Lyons as a party in his official capacity, in accordance with Federal Rule of Civil Procedure 25(d).

Customs Enforcement ("ICE") on August 11, 2026. *Id.* ¶ 6. She is currently detained at the Denver Contract Facility in Aurora, Colorado. ECF No. 1 ¶ 30.

Petitioner seeks immediate release from custody, or, in the alternative, an order requiring Respondents to provide her with a bond hearing before a neutral decision-maker at which Respondents must bear the burden of establishing by clear and convincing evidence that Petitioner's continued detention is justified. ECF No. 1 ¶ 89. Respondents "are not submitting a brief in opposition to the Petition," but they "recognize that the Court may then decide to grant the Petition and award appropriate relief." ECF No. 7 at 2.

The relief requested by Petitioner, and the legal claims and arguments upon which it's premised, are familiar to the Court and the parties. Without a final order of removal, Petitioner is arguably detained under 8 U.S.C. § 1225(b)(2). This Court previously analyzed the statutory framework and determined that "§ 1225(b)(2) only applies to noncitizens 'seeking admission' and inspected while trying to enter the country, and not to noncitizens who have lived in the United States continuously for over two years," *Mendoza Gutierrez v. Baltasar*, No. 25-CV-2720-RMR, 2025 WL 2962908, at *5-*9 (D. Colo. Oct. 17, 2025), and joined the chorus of courts in this district and around the nation that have overwhelmingly rejected Respondents' position.[2] *See also Cunha v. Freden*,

---

[2] *See Espinoza Ruiz v. Baltazar*, No. 1:25-cv-03642-CNS, 2025 WL 3294762 (D[2] Colo. Nov. 26, 2025); *Arauz v. Baltazar*, No. 1:25-cv-03260-CNS, 2025 WL 3041840 (D. Colo. Oct. 31, 2025); *Hernandez v. Baltazar, et al.*, No. 1:25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025); *Hernandez Vazquez v. Baltasar, et al.*, No. 1:25-cv-3049-GPG, ECF No. 22 (D. Colo. Oct. 23, 2025); *Loa Caballero v. Baltazar, et al.*, No. 1:25-cv-3120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025); *Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291, at *1 (D. Colo. Oct. 20, 2025); *Mendoza Gutierrez v. Baltasar, et al.*, No. 1:25-cv-2720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025); *Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Carrillo Fernandez*, 2025 WL 3485800; *Garcia-Arauz v. Noem*, No. 2:25-cv-02117-RFB-EJY, 2025 WL 3470902 (D. Nev. Dec. 3, 2025); *Escobar Salgado v. Mattos*, 809 F. Supp. 3d 1123 (D. Nev. 2025); *Ramos v. Rokosky*, No. 25cv15892 (EP), 2025 WL 3063588 (D.N.J. Nov. 3, 2025); *Godinez-Lopez v. Ladwig*, 2025 WL 3047889 (W.D. Tenn. Oct. 31, 2025);

175 F.4th 61, 73 (2d Cir. 2026) ("In sum, Section 1226(a) plainly applies to noncitizens, like Petitioner, who are present in the United States, but charged as inadmissible for entering the country without inspection and admission."); *id.* at 84 ("[W]e find no basis to justify departing from the unambiguous meaning of the text, under which Petitioner is not subject to mandatory detention, because he is not 'seeking admission' under Section 1225(b)(2)(A).").

Since then, the Tenth Circuit has also spoken and articulated in great detail the reasons why noncitizens "in the country's interior," like Petitioner, are not subject to mandatory detention under § 1225(b)(2). *See generally, Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). The Tenth Circuit concluded that, "[b]ased on the statutory text and context . . . "§1225(b)(2)(A)'s application is limited to the border." *Id.* at 1240. Because Petitioner has resided in the United States and was not detained at the border, she is improperly detained under § 1225. Additionally, Respondents have not submitted a brief in opposition to the Petition. ECF No. 7.

With respect to the appropriate relief, this Court has previously granted similar petitions and ordered Respondents to provide those petitioners with a bond hearing where the "Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified." *See Tzompa Garcia v. Baltazar*, No. 26-CV-2713-RMR, 2026 WL 2240137, at *1 (D. Colo. Aug. 4, 2026); *see also A.A.G.R. v. Baltazar*, No. 26-CV-

---

*Jimenez v. FCI Berlin, Warden*, 799 F. Supp. 3d 59 (D.N.H. 2025); *Lopez-Campos v. Raycraft*, F. Supp. 3d 771 (E.D. Mich. 2025), *aff'd,* 175 F.4th 713 (6th Cir. 2026); *Romero v. Hyde*, 795 F. Supp. 3d 271 (D. Mass. 2025); *Lopez Benitez v. Francis*, No. 25 Civ. 5937 (DEH), 795 F.Supp.3d 475 (S.D.N.Y. Aug. 13, 2025).

02344-RMR, 2026 WL 2110577, at *2 (D. Colo. July 22, 2026). Several of these bond hearings were not compliant with the Court's orders, specifically with respect to applying the "clear and convincing" standard. *Tzompa Garcia*, 2026 WL 2240137, at *3; *A.A.G.R.*, 2026 WL 2110577, at *3. Other courts in this District have also expressed "concern[] that the immigration courts are not affording immigrants fair bond hearings," as "the mounting evidence that bond determination hearings conducted in Immigration Court under § 1226(a) have preordained outcomes has become impossible to ignore." *Pal v. Lyons,* 2026 WL 937962, at *4 (D. Colo. Apr. 7, 2025); *see also Quiroz Zacarias v. Mullin,* 2026 WL 1092162, at *4-*5 (D. Colo. Apr. 22, 2026); *see also Asfir v. Blanche*, No. 26-cv-01435-GPG (D. Colo. July 2, 2026). Given this reality, the Court finds Petitioner's immediate release is the appropriate remedy. *See Santillan Quiroz*, 180 F.4th at 1251 n.13 (contemplating the district court should "order the Government to, within seven days of such order, either provide [the petitioner] with a bond hearing or else release him.").

**CONCLUSION**

For the reasons set forth above, IT IS ORDERED that:

1. The Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, is **GRANTED**;
2. Respondents shall **IMMEDIATELY RELEASE** Petitioner on her own recognizance, along with all her personal belongings, without onerous conditions of release, including, without limitation, GPS monitoring, mandatory reporting, or other restrictions on her movement. Respondents shall facilitate Petitioner's

transportation from the detention facility by providing all necessary identity and travel documents to return to her primary address;

3. Respondents are **ENJOINED** from re-arresting or re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that she is a flight risk or danger to the community such that her physical custody is legally justified pursuant to 8 U.S.C § 1226(a). At any such bond hearing, Respondents shall bear the burden of proof, and Petitioner shall be allowed to have counsel present. This injunction shall remain in effect until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;
4. During such periods of time as Petitioner remains in Respondents' custody, Respondents shall continue to be **ENJOINED** from removing, transferring, or causing the removal or transfer of Petitioner from the District of Colorado until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order; and
5. On or before **September 16, 2026**, Respondents shall file a status report certifying compliance with this Order.

DATED: September 9, 2026

BY THE COURT:

REGINA M. RODRIGUEZ
United States District Judge